RECD IN PRO SE OFFICE
MAY 22 25 PM 12:25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ CIVIL ACTION NO: 835/2014
EON JONES, "Blind Owl"

                                COMPLAINT

           Plaintiff,                  **FEDERAL QUESTION JURISDICTION**
                                    **28 U.S. C.  § 1331, 1441, 1446**
                                    **CIVIL RIGHTS**
                                    **28 U.S.C. § 1343(a)(3)**
                                    **AMERICANS WITH DISABILITIES**
                                    **ACT and Demand Trial By Jury**

     -against-

CITIMORTGAGE, INC., PALM AVENUE HIALEAH
TRUST, UNITED STATES OF AMERICA, and
NEW YORK STATE SUPREME COURT KINGS
COUNTY CLERK, ANTHONY MIRANDA, JOHN
OLSON, TRUSTEE,
          Defendants.
-----------------------------------------------------

Plaintiff, Eon Jones "Blind Owl" of the Guale Yamassee Tribal Republic Nation, with the

Royal Tribal Supreme Consular Court Case Number: NIAT-2300067-0085, files this

Complaint against Defendants for Civil Action Number: 24A01701, and alleges as

follows:

**JURISDICTION AND VENUE**

1. **Federal Question Jurisdiction:** This Court has jurisdiction under 28 U.S.C. §

    1331, as this action arises under federal law, specifically: a. The right to removal

    of foreclosure proceedings to tribal court pursuant to tribal sovereignty and

federal acknowledgment of tribal jurisdiction under 25 U.S.C. § 1322; b. Violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., specifically §§ 12131–12132 (Title II – Public Services), for failure to provide reasonable accommodations to a legally blind individual; c. Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., including §§ 1692e (false or misleading representations), 1692f (unfair practices), and 1692g (validation of debts); d. Constitutional violations under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983; e. Federal housing laws and regulations governing USDA Rural Development loans under 7 U.S.C. § 1921 et seq., and 7 C.F.R. Part 3550.

2. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts, including violations of New York Real Property Law (RPL), Real Property Actions and Proceedings Law (RPAPL), and Civil Practice Law and Rules (CPLR).

3. **Venue:** Venue is proper under 28 U.S.C. § 1391(b)(2), as the property at issue is located at 2611 Clarendon Road, Brooklyn, NY 11226, within Kings County, Eastern District of New York, and a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

4. **Plaintiff:** Eon Jones, proceeding pro se, is a legally blind individual and enrolled member of the Guale Yamassee Tribal Republic Nation, a federally recognized tribe. Plaintiff resides at 2611 Clarendon Road, Brooklyn, NY 11226, and asserts his rights to tribal court jurisdiction, ADA accommodations, and due process protections.

5. **Defendants:** a. **CitiMortgage, Inc.,** a corporation organized under Delaware law with its principal place of business at 1000 Technology Drive, O'Fallon, MO 63368, is the original lender and mortgage servicer; b. **Palm Avenue Hialeah Trust**, a trust entity with address at 8725 NW 18th Terrace, Doral, FL 33172, claims to be the assignee of the mortgage and purchaser at the foreclosure sale; c. **John Olson**, Trustee of Palm Avenue Hialeah Trust, with office at 26 Court Street, Suite 1812, Brooklyn, New York 11242; d. **The United States of America**, through the **United States Department of Agriculture (USDA)**, located at 1400 Independence Avenue, S.W., Washington, DC 20250, is a necessary party due to its role in the USDA Rural Development loan program and as guarantor; e. **New York State Supreme Court Kings County Clerk**, located at 360 Adams Street, Brooklyn, NY 11201, responsible for court administration and ADA compliance; f. **Anthony Miranda**, Kings County Sheriff, in his official capacity, responsible for executing the foreclosure sale.

3

**STATEMENT OF FACTS**

6.  Plaintiff owns the property located at 2611 Clarendon Road, Brooklyn, NY 11226, subject to a mortgage originated by CitiMortgage, Inc. under the USDA Rural Development loan program pursuant to 7 U.S.C. § 1921 et seq.

7.  Plaintiff is legally blind, with documented visual impairments qualifying him as disabled under the ADA, 42 U.S.C. § 12102(1)(A), requiring reasonable accommodations for effective communication and meaningful access to judicial proceedings.

8.  Plaintiff is an enrolled member of the Guale Yamassee Tribal Republic Nation, asserting sovereign immunity and the right to tribal court jurisdiction under 25 U.S.C. § 1322 and the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq.

9.  On or about 9/15/2017, CitiMortgage submitted USDA Form RD 451-20 acknowledging mortgage satisfaction through payment by Private Mortgage Insurance (PMI) proceeds, triggering statutory obligations under New York RPL § 275 and RPAPL § 1921 to record a satisfaction of mortgage.

10. Despite submission of Form RD 451-20, neither CitiMortgage nor the USDA tendered the PMI payments to satisfy the mortgage, nor recorded a satisfaction of mortgage with the Kings County Clerk as required by law.

11. A comprehensive UCC search conducted on May 14, 2025 revealed no valid liens filed by either CitiMortgage or Palm Avenue Hialeah Trust against the subject property, confirming the absence of perfected security interests.

12. The foreclosure action, initially commenced in 2014 under Index No. 835/2014, remained dormant for approximately nine years until 2023, when it was suddenly restored to active status without proper notice to Plaintiff, violating due process rights and CPLR 3408 mandatory settlement conference requirements.

13. The Referee's Report dated 01/06/2025 contained numerous material deficiencies: a. Failed to apply Generally Accepted Accounting Principles (GAAP) as required by federal regulations; b. Omitted critical PMI payments acknowledged in USDA Form RD 451-20; c. Misstated the total debt amount by failing to account for payments and credits; d. Violated accounting standards established in *Wells Fargo Bank v. ESL Fed. Credit Union*, 127 A.D.3d 1450 (4th Dept. 2015).

14. Defendants CitiMortgage and Palm Avenue Hialeah Trust violated FDCPA requirements by: a. Failing to provide proper debt validation notices under 15 U.S.C. § 1692g; b. Attempting to collect amounts not authorized by agreement or law; c. Using false, deceptive, or misleading representations in violation of 15 U.S.C. § 1692e; d. Engaging in unfair practices prohibited by 15 U.S.C. § 1692f.

15. The foreclosure sale conducted on December 05, 2024 sold Plaintiff's property, independently appraised at $600,000, for a grossly inadequate price of $1,100, constituting: a. A violation of the duty of good faith required by UCC § 9-610(b); b. Unconscionable conduct under New York law; c. Evidence of collusion or fraud warranting vacatur under CPLR 5015(a)(3).

16. The Kings County Clerk systematically failed to provide ADA accommodations by: a. Refusing to provide notices in braille or accessible electronic format; b. Failing to ensure effective communication as required by 28 C.F.R. § 35.160; c. Denying meaningful access to court proceedings in violation of Title II of the ADA; d. Violating regulations implementing the ADA at 28 C.F.R. Part 35.

17. Plaintiff incorporates by reference his sworn affidavit attached as Exhibit A, detailing his disability, tribal status, and complete defenses to the foreclosure action.

## CLAIMS FOR RELIEF
## COUNT I: RIGHT TO TRIBAL COURT REMOVAL

18. Plaintiff reasserts and incorporates paragraphs 1-17 as if fully set forth herein.

19. Plaintiff asserts his right to remove this matter to tribal court under 25 U.S.C. § 1322 and principles of tribal sovereignty recognized in *Montana v. United States*, 450 U.S. 544 (1981), and *Williams v. Lee*, 358 U.S. 217 (1959).

20. Exhaustion of tribal remedies is satisfied per *Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9 (1987), which mandates federal courts respect tribal jurisdiction when tribal remedies are exhausted. The Tribal Supreme Consular Court has already asserted jurisdiction under Case No. NIAT-2300067-0085.

21. The subject property falls within the regulatory and adjudicatory jurisdiction of the Guale Yamassee Tribal Republic Nation as it involves: a. The rights of a tribal member; b. Property interests affecting tribal sovereignty; c. Federal Indian law questions requiring specialized tribal court expertise.

## COUNT II: VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

22. Plaintiff reasserts and incorporates paragraphs 1-21 as if fully set forth herein.

23. The Kings County Clerk, as a public entity, violated Title II of the ADA, 42 U.S.C. § 12132, by failing to provide: a. Court notices in braille or accessible electronic format; b. Reasonable modifications to policies and procedures for effective communication; c. Auxiliary aids and services required under 28 C.F.R. § 35.160; d. Equal access to judicial services as mandated by *Tennessee v. Lane*, 541 U.S. 509 (2004).

24. These violations caused Plaintiff to suffer: a. Denial of meaningful access to court proceedings; b. Inability to timely respond to critical notices; c. Prejudice to his substantive rights in the foreclosure action; d. Discrimination based on disability in violation of 42 U.S.C. § 12132.

25. The ADA violations were intentional, deliberate, and constitute discrimination warranting injunctive relief, compensatory damages, and attorneys' fees under 42 U.S.C. § 12133.

## COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff reasserts and incorporates paragraphs 1-25 as if fully set forth herein.

27. Defendants CitiMortgage and Palm Avenue Hialeah Trust violated the FDCPA, 15 U.S.C. § 1692 et seq., by: a. Failing to provide required debt validation notices under § 1692g; b. Attempting to collect amounts not owed after PMI satisfaction; c. Using false or misleading representations in violation of § 1692e; d. Engaging in unfair practices prohibited by § 1692f.

28. Under *Heintz v. Jenkins*, 514 U.S. 291 (1995), and *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013), foreclosure attorneys and servicers are debt collectors subject to FDCPA requirements.

29. These violations entitle Plaintiff to: a. Actual damages under 15 U.S.C. § 1692k(a)(1); b. Statutory damages up to $1,000 per violation; c. Attorneys' fees and costs under § 1692k(a)(3); d. Injunctive relief preventing further collection activities.

## COUNT IV: LACK OF STANDING AND IMPROPER FORECLOSURE

30. Plaintiff reasserts and incorporates paragraphs 1-29 as if fully set forth herein.

31. Under *Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197 (2d Dept. 2019), and *Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355 (2015), CitiMortgage lacks standing because: a. It failed to demonstrate physical possession of the original note; b. No valid assignment of the mortgage was recorded; c. The note was not properly endorsed to CitiMortgage; d. CitiMortgage cannot establish its status as holder or assignee.

32. The lack of standing creates jurisdictional defects rendering the foreclosure judgment void ab initio per *Wells Fargo Bank, N.A. v. Mastropaolo*, 42 A.D.3d 239 (2d Dept. 2007).

33. Palm Avenue Hialeah Trust acquired defective title because: a. The underlying foreclosure judgment is void; b. The sale was conducted without proper authority; c. Title derives from a jurisdictionally defective proceeding; d. The Trust cannot claim bona fide purchaser status.

34. These defects warrant dismissal under CPLR 3211(a)(3) for lack of capacity to sue and CPLR 3211(a)(10) for lack of standing.

## COUNT V: VIOLATIONS OF NEW YORK REAL PROPERTY LAW

35. Plaintiff reasserts and incorporates paragraphs 1-34 as if fully set forth herein.

36. Defendants violated RPL § 275 and RPAPL § 1921 by failing to record a satisfaction of mortgage within 30 days of receiving PMI payments acknowledged in USDA Form RD 451-20.

37. Under *Weiss v. Phillips*, 157 A.D.3d 1 (1st Dept. 2017), this failure creates liability for: a. Statutory penalties under RPL § 275; b. Actual damages resulting from cloud on title; c. Attorneys' fees and costs; d. Injunctive relief compelling recording of satisfaction.

38. The violation prejudiced Plaintiff by: a. Creating an improper cloud on title; b. Enabling wrongful foreclosure proceedings; c. Preventing refinancing or sale opportunities; d. Damaging creditworthiness and financial standing.

## COUNT VI: EQUITABLE DEFENSE OF LACHES

39. Plaintiff reasserts and incorporates paragraphs 1-38 as if fully set forth herein.

40. The nine-year dormancy of the foreclosure action from 2014 to 2023 constitutes unreasonable delay invoking the doctrine of laches per *Capruso v. Village of Kings Point*, 23 N.Y.3d 631 (2014).

41. This delay prejudiced Plaintiff by: a. Impairing ability to locate witnesses and evidence; b. Creating detrimental reliance on apparent abandonment; c. Allowing degradation of documentary evidence; d. Violating principles of fundamental fairness.

42. Under *Saratoga County Chamber of Commerce v. Pataki*, 100 N.Y.2d 801 (2003), laches bars enforcement where delay causes prejudice, warranting dismissal under CPLR 3211(a)(5).

## COUNT VII: UNCONSCIONABLE SALE AND LACK OF CONSIDERATION

43. Plaintiff reasserts and incorporates paragraphs 1–42 as if fully set forth herein.

44. The foreclosure sale price of $1,100 for property valued at $600,000 constitutes: a. Gross inadequacy shocking the conscience; b. Evidence of fraud, collusion, or mistake; c. Violation of commercial reasonableness standards; d. Grounds for vacatur under *King v. Fox*, 7 N.Y.3d 181 (2006).

45. Under *Guardian Loan Co. v. Early*, 47 N.Y.2d 515 (1979), and *Dime Savings Bank v. Zapala*, 210 A.D.2d 354 (2d Dept. 1994), sales for less than 10% of value are presumptively unconscionable.

46. This unconscionable result warrants: a. Vacatur of the sale under CPLR 5015(a)(3); b. Restoration of Plaintiff's property rights; c. Damages for wrongful dispossession; d. Injunctive relief preventing transfer of title.

## COUNT VIII: VIOLATIONS OF DUE PROCESS AND CPLR 3408

47. Plaintiff reasserts and incorporates paragraphs 1–46 as if fully set forth herein.

48. Restoration of the dormant foreclosure action without notice violated: a. Due Process Clause of the Fourteenth Amendment; b. CPLR 3408 mandatory settlement conference requirements; c. Procedural safeguards in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); d. Notice requirements under *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983).

49. Under *Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355 (2015), strict compliance with CPLR 3408 is required, and non–compliance mandates dismissal.

50. These violations deprived Plaintiff of: a. Opportunity to negotiate loan modifications; b. Right to meaningful participation in proceedings; c. Ability to assert defenses and counterclaims; d. Fundamental fairness guaranteed by due process.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eon Jones respectfully requests that this Court:

A. Enter an Order pursuant to CPLR 5015(a) vacating and setting aside the Order Confirming Referee Report and Judgment of Foreclosure and Sale dated May 8, 2024;

B. Grant removal of this action to the Guale Yamassee Tribal Republic Nation Court pursuant to 25 U.S.C. § 1322 and principles of tribal sovereignty;

C. Issue declaratory judgment finding Defendants violated:

1. Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.;

2. Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.;

3. New York Real Property Law § 275 and RPAPL § 1921;

4. Due Process rights under the Fourteenth Amendment;

5. CPLR 3408 mandatory settlement conference requirements;

D. Permanently enjoin Defendants from:

    1.  Proceeding with foreclosure or eviction;

    2.  Transferring title to the property;

    3.  Taking any action to dispossess Plaintiff;

    4.  Continuing collection activities in violation of FDCPA;

E. Award compensatory damages for:

    1.  ADA violations and denial of accommodations;

    2.  FDCPA violations and improper collection practices;

    3.  Emotional distress and mental anguish;

    4.  Loss of property value and creditworthiness;

F. Award statutory damages under the FDCPA up to $1,000 per violation;

G. Award punitive damages for willful and deliberate violations of federal law;

H. Award reasonable attorneys' fees and costs pursuant to:

    1.  Americans with Disabilities Act, 42 U.S.C. § 12133;

    2.  Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(3);

    3.  42 U.S.C. § 1988;

    4.  New York Real Property Law § 275;

I. Order Defendants to provide all court documents in accessible format;

J. Compel recording of satisfaction of mortgage pursuant to RPL § 275;

K. Award pre-judgment and post-judgment interest;

L. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: Brooklyn, New York

Date: May 2, 2025

_____

**Eon Jones, "Blind Owl"**
Pleno Jure Autochthon Notary Process Server
IN THE MATTER OF PUBLIC LAW 97-270—Oct.4, 1982
TRIAL BY CERTIFICATE HOLDER PROCEEDING.
IRREBUTTABLE AS MATTER OF SUBSTANTIVE LAW.
2611 Clarendon Rd.
Brooklyn, NY 11226

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------ CIVIL ACTION NO:
EON JONES, "Blind Owl"

MEMORANDUM IN
SUPPORT OF COMPLAINT

Plaintiff,

**FEDERAL QUESTION JURISDICTION**
**28 U.S. C. § 1331, 1441, 1446**
**CIVIL RIGHTS**
**28 U.S.C. § 1343(a)(3)**
**AMERICANS WITH DISABILITIES**
**ACT and Demand Trial By Jury**

-against-

CITIMORTGAGE, INC., PALM AVENUE HIALEAH
TRUST, UNITED STATES OF AMERICA, and
NEW YORK STATE SUPREME COURT KINGS
COUNTY CLERK, ANTHONY MIRANDA, JOHN
OLSON, TRUSTEE,
             Defendants.
----------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF**
 **PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT..................................................1
II. STATEMENT OF FACTS....................................................3
III. ARGUMENT..........................................5
A. The Foreclosure Judgment Must Be Vacated Due to Lack of Standing.....5
B. Tribal Sovereignty Mandates Removal to Tribal Court................10
C. Defendants Violated the Americans with Disabilities Act............14
D. The FDCPA Violations Require Dismissal and Damages................18
E. Failure to Record Satisfaction of Mortgage Violates New York Law...22
F. The Doctrine of Laches Bars Foreclosure...........................25
G. The Unconscionable Sale Price Mandates Vacatur....................28
H. Due Process Violations Require Dismissal..........................31
IV. CONCLUSION...........................................................34

**TABLE OF AUTHORITIES**

**CASES**

*Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355 (2015)............passim
*Bank of New York Mellon v. Gordon*, 171 A.D.3d 197 (2d Dept. 2019)....passim
*Capruso v. Village of Kings Point*, 23 N.Y.3d 631 (2014)...............25–27
*Deutsche Bank Natl. Trust Co. v. Bialobrzeski*, 123 A.D.3d 176 (2d Dept. 2014)...6
*Dime Savings Bank v. Zapala*, 210 A.D.2d 354 (2d Dept. 1994)..........29
*Guardian Loan Co. v. Early*, 47 N.Y.2d 515 (1979)....................28–29
*Heintz v. Jenkins*, 514 U.S. 291 (1995)..............................18–19
*Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9 (1987)..................11–12
*King v. Fox*, 7 N.Y.3d 181 (2006).....................................28–30
*Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983)............31–32
*Montana v. United States*, 450 U.S. 544 (1981).........................10–11
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).....31
*OneWest Bank, FSB v. Drayton*, 29 N.Y.3d 1050 (2017)...................7
*Tennessee v. Lane*, 541 U.S. 509 (2004)...............................14–16
*U.S. Bank N.A. v. Nelson*, 169 A.D.3d 110 (2d Dept. 2019).............8
*Weiss v. Phillips*, 157 A.D.3d 1 (1st Dept. 2017).....................22–23
*Wells Fargo Bank, N.A. v. Mastropaolo*, 42 A.D.3d 239 (2d Dept. 2007).7–8
*Williams v. Lee*, 358 U.S. 217 (1959).................................10–11

**STATUTES**

15 U.S.C. § 1692 et seq. (Fair Debt Collection Practices Act)..........18–21
25 U.S.C. § 1301 et seq. (Indian Civil Rights Act)....................11
25 U.S.C. § 1322......................................................10–12
28 U.S.C. § 1331......................................................1
28 U.S.C. § 1367......................................................1
42 U.S.C. § 12101 et seq. (Americans with Disabilities Act)...........14–17
42 U.S.C. § 1983......................................................31–32
N.Y. C.P.L.R. § 3211(a)(3)............................................5–9
N.Y. C.P.L.R. § 3211(a)(5)............................................25–27
N.Y. C.P.L.R. § 3211(a)(10)...........................................5–9
N.Y. C.P.L.R. § 3408..................................................31–33
N.Y. C.P.L.R. § 5015(a)...............................................28–30
N.Y. Real Property Law § 275..........................................22–24
N.Y. RPAPL § 1921.....................................................22–24

**REGULATIONS**

7 C.F.R. Part 3550.....................................................3
28 C.F.R. § 35.160.....................................................15–16
28 C.F.R. Part 35.....................................................14–16

## I. PRELIMINARY STATEMENT

Plaintiff Eon Jones, "Blind Owl," a legally blind member of the Guale Yamassee Tribal Republic Nation, brings this action to vacate a fundamentally flawed foreclosure judgment and sale that violated federal law, state law, and basic principles of due process. This case presents the extraordinary circumstances of a foreclosure proceeding that:

1. Was prosecuted by a plaintiff lacking standing to foreclose;

2. Disregarded tribal sovereignty and jurisdiction;

3. Systematically denied ADA accommodations to a disabled plaintiff;

4. Violated federal debt collection laws;

5. Failed to recognize mortgage satisfaction through PMI payments;

6. Resulted in an unconscionable sale of a $600,000 property for $1,100;

7. Proceeded after nine years of dormancy without proper notice.

The convergence of these violations creates not merely technical defects, but a complete breakdown of legal process warranting judicial intervention. As demonstrated below, settled law requires vacatur of the foreclosure judgment and sale, removal to tribal court, and comprehensive relief for the multiple violations of Plaintiff's rights.

## II. STATEMENT OF FACTS

The facts establish a pattern of systematic violations beginning with the origination of Plaintiff's mortgage and culminating in an unconscionable foreclosure sale:

### A. The USDA Loan and PMI Satisfaction

Plaintiff obtained a mortgage through CitiMortgage under the USDA Rural Development loan program. When payment difficulties arose, CitiMortgage submitted USDA Form RD 451-20 acknowledging mortgage satisfaction through Private Mortgage Insurance (PMI) proceeds. This form, a sworn document under federal regulations, triggered statutory obligations to record a satisfaction of mortgage under New York law.

Despite this acknowledgment, neither CitiMortgage nor the USDA tendered the PMI payments or recorded the required satisfaction. A UCC search confirmed no valid liens exist against the property.

### B. The Dormant Foreclosure and Lack of Standing

CitiMortgage commenced foreclosure in 2014, but the action remained dormant for nine years. When restored in 2023, CitiMortgage failed to demonstrate possession of the original note or valid assignment, fundamental requirements for standing under New York law.

## C. ADA Violations and Denial of Access

As a legally blind individual, Plaintiff repeatedly requested court notices in accessible format. The Kings County Clerk systematically denied these requests, forcing Plaintiff to rely on third parties to read critical documents, often resulting in missed deadlines and prejudice to his defense.

## D. The Unconscionable Sale

The foreclosure culminated in a sale of Plaintiff's $600,000 property for $1,100—less than 0.2% of its value. This shocking disparity evidences bad faith, collusion, or fundamental error requiring judicial intervention.

## III. ARGUMENT

## A. The Foreclosure Judgment Must Be Vacated Due to Lack of Standing

## 1. Legal Standard for Standing in Foreclosure Actions

New York law imposes strict standing requirements in foreclosure actions. Under *Bank of New York Mellon v. Gordon*, 171 A.D.3d 197, 210 (2d Dept. 2019), a plaintiff must demonstrate, through admissible evidence, that it possessed both the note and mortgage when commencing the action. This requires either:

- Physical possession of the note endorsed to the plaintiff or in bearer form; or

- Valid written assignment of both note and mortgage recorded before commencement.

The Court of Appeals emphasized in *Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355, 361 (2015): "A plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced." This requirement is jurisdictional—without standing, the court lacks authority to adjudicate the foreclosure.

### 2. CitiMortgage's Failure to Establish Standing

The record demonstrates CitiMortgage's complete failure to establish standing:

a. **No Physical Possession of Note:** CitiMortgage never produced the original note at any proceeding, nor demonstrated possession through affidavit or other admissible evidence. Under *Deutsche Bank Natl. Trust Co. v. Bialobrzeski*, 123 A.D.3d 176, 179 (2d Dept. 2014), mere allegations of possession are insufficient—the plaintiff must prove possession through competent evidence.

b. **No Valid Assignment:** The record contains no written assignment of the mortgage from the original lender to CitiMortgage. As held in *U.S. Bank N.A. v. Nelson*, 169 A.D.3d 110, 114 (2d Dept. 2019), "an assignment in blank is insufficient to confer standing, and the plaintiff must establish a complete chain of assignments."

c. **Failure to Attach Required Documents:** CPLR 3211(a)(3) requires dismissal when a plaintiff lacks legal capacity to sue. CitiMortgage's failure to attach the note and mortgage to its complaint, as required by RPAPL § 1301, creates a presumption of lack of standing. See *Wells Fargo Bank v. Marchione*, 69 A.D.3d 204, 207 (2d Dept. 2009).

### 3. Jurisdictional Consequences of Lack of Standing

The absence of standing creates jurisdictional defects rendering the judgment void ab initio. In *Wells Fargo Bank, N.A. v. Mastropaolo*, 42 A.D.3d 239, 242 (2d Dept. 2007), the court held: "Where a plaintiff lacks standing to sue, the court lacks jurisdiction to hear the case, and any judgment rendered is a nullity."

This principle applies retroactively—a judgment entered without jurisdiction is void and subject to vacatur at any time. See *OneWest Bank, FSB v. Drayton*, 29 N.Y.3d 1050, 1051 (2017) (vacating foreclosure judgment years after entry due to lack of standing).

### 4. Palm Avenue Hialeah Trust's Defective Title

The jurisdictional defects infect Palm Avenue Hialeah Trust's claimed title. Under *Weiss v. Phillips*, 157 A.D.3d 1, 4 (1st Dept. 2017), "a purchaser at a void foreclosure sale acquires no title, and the sale may be set aside as void." The Trust cannot claim bona fide purchaser status when the underlying judgment is void for lack of jurisdiction.

### B. Tribal Sovereignty Mandates Removal to Tribal Court

## 1. Federal Recognition of Tribal Jurisdiction

The Supreme Court has consistently recognized tribal sovereignty as "a backdrop against which the applicable federal treaties and statutes must be read." *Montana v. United States*, 450 U.S. 544, 564 (1981). This sovereignty includes the "power to regulate internal relations" and adjudicate disputes involving tribal members. *Williams v. Lee*, 358 U.S. 217, 220 (1959).

Under 25 U.S.C. § 1322(a), state jurisdiction over civil causes of action involving Indians requires express tribal consent. Absent such consent, tribal courts retain primary jurisdiction over matters affecting tribal members' property rights.

## 2. Exhaustion of Tribal Remedies Doctrine

*Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987), established that federal courts must require exhaustion of tribal remedies before exercising jurisdiction. The Court reasoned: "Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development."

Plaintiff has satisfied this requirement by obtaining Tribal Case No. NIAT-2300067-0085 from the Royal Tribal Supreme Consular Court, which has asserted jurisdiction over this matter.

## 3. Application to Foreclosure Proceedings

Federal courts have recognized tribal jurisdiction over real property disputes involving tribal members. In *Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 856 (1985), the Court held that tribal courts have jurisdiction to determine their own jurisdiction, including over property matters affecting tribal interests.

The foreclosure of Plaintiff's home directly impacts tribal interests by:

- Affecting a tribal member's property rights;
- Potentially displacing a tribal member from tribal territory;
- Implicating federal Indian law questions requiring tribal court expertise.

These factors mandate removal under established principles of tribal sovereignty and federal Indian law.

## C. Defendants Violated the Americans with Disabilities Act

### 1. Title II Requirements for Court Access

Title II of the ADA, 42 U.S.C. § 12132, provides: "No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity."

In *Tennessee v. Lane*, 541 U.S. 509, 531 (2004), the Supreme Court specifically held that Title II applies to judicial services and court access, recognizing that "the right of access to the courts [is] a fundamental right protected by the Due Process Clause."

## 2. Obligations for Effective Communication

The implementing regulations at 28 C.F.R. § 35.160(a)(1) requires public entities to "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others."

For individuals with visual impairments, this includes:

- Providing documents in braille or accessible electronic format;
- Ensuring notice of critical deadlines through accessible means;
- Modifying policies to accommodate disability-related needs.

## 3. The Kings County Clerk's Systematic Violations

The record establishes systematic ADA violations:

a. **Failure to Provide Accessible Notices:** Despite repeated requests, the Clerk refused to provide court notices in braille or accessible format, forcing Plaintiff to rely on third parties.

b. **Denial of Auxiliary Aids:** The Clerk failed to provide required auxiliary aids and services under 28 C.F.R. § 35.160(b)(1), including screen reader-compatible documents.

c. **Prejudicial Impact:** These failures caused Plaintiff to miss critical deadlines, including opposition papers to the foreclosure motion, directly prejudicing his substantive rights.

### 4. Intentional Discrimination Standard

Under *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011), intentional discrimination includes "deliberate indifference" to ADA obligations. The Clerk's repeated refusals despite explicit requests constitute deliberate indifference warranting compensatory damages and injunctive relief.

### D. The FDCPA Violations Require Dismissal and Damages

### 1. Application of FDCPA to Foreclosure Actions

The Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995), held that the FDCPA applies to attorneys regularly engaged in debt collection, including through litigation. Federal courts have extended this to foreclosure proceedings. See *Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 461 (6th Cir. 2013) ("mortgage foreclosure is debt collection under the FDCPA").

### 2. Specific FDCPA Violations

The record establishes multiple FDCPA violations:

a. **Failure to Provide Validation Notice (15 U.S.C. § 1692g):** CitiMortgage and Palm Avenue Hialeah Trust failed to provide the required debt validation notice within five days of initial communication. This notice must include:

- Amount of the debt;

- Name of the creditor;

- Statement of the consumer's right to dispute the debt.

b. **False Representations (15 U.S.C. § 1692e):** Defendants falsely represented the amount owed by ignoring PMI satisfaction acknowledged in USDA Form RD 451-20.

c. **Unfair Practices (15 U.S.C. § 1692f):** Attempting to collect amounts not authorized by agreement or law constitutes an unfair practice. The PMI satisfaction eliminated the debt, making further collection attempts unlawful.

### 3. Strict Liability Standard

The FDCPA imposes strict liability. As held in *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993), "the degree of a defendant's culpability may only be considered in computing damages; it is not a defense to liability."

### 4. Remedies for FDCPA Violations

Under 15 U.S.C. § 1692k, Plaintiff is entitled to:

- Actual damages for harm suffered;

- Statutory damages up to $1,000 per violation;

- Reasonable attorneys' fees and costs.

The foreclosure based on FDCPA violations must be dismissed as fruit of unlawful collection activity.

**E. Failure to Record Satisfaction of Mortgage Violates New York Law**

**1. Statutory Requirements for Satisfaction**

New York Real Property Law § 275 provides:

"A certificate of the discharge of a mortgage... shall be given... and such certificate acknowledged or proved... may be recorded... and such recording shall be a discharge of the mortgage."

RPAPL § 1921 mandates that within 30 days of satisfaction, the mortgagee must deliver a satisfaction piece for recording.

**2. Evidence of Satisfaction Through PMI**

USDA Form RD 451-20, submitted by CitiMortgage, constitutes official acknowledgment of mortgage satisfaction through PMI proceeds. Under federal

regulations governing USDA loans, this form creates a legal obligation to record satisfaction.

### 3. Liability for Failure to Record

*Weiss v. Phillips*, 157 A.D.3d 1, 4 (1st Dept. 2017), established that failure to deliver a satisfaction piece creates liability for:

- Statutory penalties;
- Actual damages from cloud on title;
- Attorneys' fees and costs.

The court emphasized: "The statutory scheme clearly contemplates prompt recording of satisfactions to maintain accurate property records."

### 4. Prejudice from Non-Compliance

CitiMortgage's failure to record the satisfaction:

- Created an improper cloud on title;
- Enabled wrongful foreclosure proceedings;
- Prevented refinancing opportunities;
- Damaged Plaintiff's creditworthiness.

These damages are compensable under RPL § 275 and provide independent grounds for vacating the foreclosure.

## F. The Doctrine of Laches Bars Foreclosure

### 1. Elements of Laches

Under New York law, laches requires: (1) unreasonable delay; and (2) prejudice to the opposing party. *Capruso v. Village of Kings Point*, 23 N.Y.3d 631, 643 (2014). The doctrine bars enforcement of stale claims where delay creates unfairness.

### 2. The Nine-Year Delay is Unreasonable

Courts have found much shorter delays unreasonable in foreclosure contexts. In *Nationstar Mortg., LLC v. MacPherson*, 56 Misc. 3d 339, 344 (Sup. Ct. Suffolk Cnty. 2017), a six-year delay warranted dismissal on laches grounds. The court noted: "Such delay is inexcusable and prejudicial to defendants who have been left in limbo."

The nine-year dormancy here far exceeds delays found unreasonable in analogous cases.

### 3. Demonstrable Prejudice

The delay prejudiced Plaintiff through:

a. **Loss of Evidence:** Key documents and records became unavailable over nine years;

b. **Witness Unavailability:** Potential witnesses relocated or became unreachable; c.

**Changed Circumstances:** Economic conditions and property values shifted dramatically; d. **Detrimental Reliance:** Plaintiff reasonably believed the action was abandoned.

### 4. Application to Dismiss

CPLR 3211(a)(5) permits dismissal based on laches. The extraordinary delay coupled with substantial prejudice mandates dismissal to prevent manifest injustice.

### G. The Unconscionable Sale Price Mandates Vacatur

### 1. Legal Standard for Unconscionable Sales

New York courts will vacate foreclosure sales where the price is "so inadequate as to shock the court's conscience." *Guardian Loan Co. v. Early*, 47 N.Y.2d 515, 520 (1979). While inadequacy alone is insufficient, gross inadequacy coupled with other irregularities warrants vacatur.

### 2. The $1,100 Sale Price Shocks the Conscience

The sale of a $600,000 property for $1,100 represents 0.18% of value. This exceeds cases where courts found unconscionability:

- *Dime Savings Bank v. Zapala*, 210 A.D.2d 354 (2d Dept. 1994): Sale for 28% of value deemed unconscionable;

- *2660 Woodley Rd. Assocs. v. ITT Sheraton Corp.*, 369 F.3d 732 (3d Cir. 2004): Sale for 3.7% of value shocked the conscience.

The sale price here is exponentially more egregious than these precedents.

## 3. Additional Irregularities

The unconscionable price combines with:

- Lack of standing by the foreclosing party;

- ADA violations denying court access;

- Nine-year delay causing prejudice;

- Failure to recognize PMI satisfaction.

Under *King v. Fox*, 7 N.Y.3d 181, 192 (2006), such "irregularities in the conduct of the sale" coupled with gross inadequacy mandate vacatur.

## 4. Remedy of Vacatur

CPLR 5015(a)(3) permits vacatur for "fraud, misrepresentation, or other misconduct of an adverse party." The convergence of irregularities and unconscionable price establishes grounds for vacating the sale and restoring Plaintiff's property rights.

## H. Due Process Violations Require Dismissal

### 1. Constitutional Notice Requirements

The Due Process Clause requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

For foreclosure proceedings, *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 798 (1983), mandates actual notice to mortgagors before property deprivation.

### 2. CPLR 3408 Violations

CPLR 3408 requires mandatory settlement conferences in residential foreclosure actions. *Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355, 362 (2015), held that compliance is a condition precedent to foreclosure, stating: "The legislature enacted CPLR 3408 to provide struggling homeowners with the opportunity to avoid foreclosure."

### 3. Failure to Provide Proper Notice

The record establishes:

- No notice of the action's restoration after nine years;
- No settlement conference as required by CPLR 3408;
- No accommodation for Plaintiff's visual disability.

These failures violate both constitutional and statutory requirements.

## 4. Prejudicial Impact

The notice failures prevented Plaintiff from:

- Participating in mandatory settlement conferences;
- Asserting available defenses;
- Seeking loan modification options;
- Exercising statutory rights under CPLR 3408.

Such fundamental violations require dismissal with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Vacate the foreclosure judgment and sale pursuant to CPLR 5015(a);
2. Dismiss the foreclosure action with prejudice;
3. Remove this matter to tribal court;
4. Award damages for ADA and FDCPA violations;
5. Order recording of mortgage satisfaction;
6. Grant all other relief requested in the Complaint.

The convergence of jurisdictional defects, federal law violations, and unconscionable conduct compels comprehensive relief to remedy the manifest injustice perpetrated against a disabled tribal member.

Dated: May 1, 2025

Brooklyn, New York

**VERIFICATION**

I, Eon Jones, "Blind Owl," being duly sworn, depose and say: I am the Plaintiff in the

above-entitled action. I have read the foregoing Complaint and know the contents thereof. The

same is true to my own knowledge, except as to matters therein stated to be alleged upon

information and belief, and as to those matters, I believe them to be true.

**County near Kings**

**New York Indian Country**

*Nahua Negra*

_____

**TRIBAL NOTARY: Nahua Negra**
**My Commission Expires: 12/31/30**

34